A special count was filed, under the leave given at the last term [Case No. 7,937], stating a special agreement to furnish rations for the marines for one year.

Mr. Mason, for plaintiffs [Krouse & Gloyd], prayed the court to instruct the jury, that although the plaintiffs had not supplied beef during the whole year, according to agreement, yet the defendant has no right to offset the unliquidated damages, for the plaintiffs not having continued to furnish the beef during the whole year, but that the plaintiffs were entitled to recover for as much beef as they did deliver. The covenants were mutual. Esp. N. P. 281, 282; Boone v. Eyre, 2 W. Bl. 1312; Barker v. Sutton, Esp. N. P. 129; Trials per Pais, 186.

Mr. Morsell, contra, contended that this was an entire agreement, and that the covenants were dependent. He cited Esp. N. P. 139, and 1 Strange, 648.

Mr. Mason, in reply, cited Barker v. Sutton, Esp. N. P. 129, 281; Trials per Pais, 186.

THE COURT (nem. con.) refused the instruction, and directed the jury that the plaintiffs are not entitled to recover for the quantity of beef delivered without showing a compliance on their part with the agreement declared on, to deliver rations of beef for the space of one year, in the manner stated in the special count in the declaration, unless such compliance was prevented by the act of the defendant. Verdict for the defendant.

---

## Case No. 7,939.

### KROUSE v. ROSS.

### [1 Cranch, C. C. 368.] [1]

Circuit Court, District of Columbia. Dec. Term, 1806.

LANDLORD AND TENANT—FIXTURES—REMOVAL.

A tenant, who has erected a wooden shed upon posts inserted two feet into the earth, has a right to remove it during the term.

Special action on the case by a landlord against his tenant for removing a wooden shed during the term, which the defendant had erected during the term upon posts inserted into the ground to the depth of two feet, and leaning against the wall of a house situated on an adjoining lot not belonging to the plaintiff.

Mr. Jones, for defendant, contended that it was a general rule that, between landlord and tenant, things annexed by the tenant to the freehold or building, and which can be removed without prejudice to the freehold or building, may be lawfully removed by the tenant during his term, and cited the testamentary law of Maryland (1798) c. 101, subc. 7; 6 Bac. Abr. 482; Bull. N. P. 34; Lawton v. Lawton, 3 Atk. 14; Fitzherbert v. Shaw, 1 H. Bl. 258; Penton v. Robart, 2 East, 88; Dean v. Al-

lalley, 3 Esp. 11; Ex parte Quincy, 1 Atk. 477.

F. S. Key, contra, contended that the rule was relaxed only in three cases: 1. Where the thing fixed was once a chattel and must be used as such. 2. Where it is for the benefit of trade. 3. Where it is the manifest intention of the parties that it should not be considered as annexed to the freehold. Thus trees may be removed by a gardener or nursery-man for the benefit of trade. The cases cited are exceptions to the general rule of law.

THE COURT (DUCKETT, Circuit Judge, absent) instructed the jury that if the defendant, during his term, brought the old wooden stable, and fixed it on the lot by posts inserted in the ground and leaning against the wall of a house on an adjoining lot, not belonging to the plaintiff, and before the expiration of the term removed the stable, without injury or damage to the soil or to the other buildings of the plaintiff, either by the erecting or continuance or the removal of the stable, it was lawful for him so to do. The plaintiff became nonsuit.

---

## Case No. 7,940.

### KROUSE v. SPROGELL.

### [1 Cranch, C. C. 78.] [1]

Circuit Court, District of Columbia. March Term, 1802.

LEAVE TO AMEND.

Leave was given to defendant to withdraw the general issue, and file a general demurrer, on payment of the costs of the term.

---

KROUSE (UNITED STATES v.). See Case No. 15,544.

---

## Case No. 7,941.

### In re KRUEGER et al.

### [2 Lowell, 66; [2] 5 N. B. R. 439.]

District Court, D. Massachusetts. Sept., 1871.

PARTNERSHIP—USE OF NAME — NOTICE TO THIRD PARTIES—HOLDING OUT—BANKRUPTCY.

1. One who permits his name to be used in a firm from which he has retired is liable to a person who has bought a note of the new firm, without notice or knowledge of the change. In such a case constructive notice is not sufficient.

2. One who permits himself to be held out as a partner may be made bankrupt as a member of the firm at the suit of creditors.

Petition against Krueger, Loud & Bailey, alleged to be partners in trade under the firm of Krueger, Loud & Co., and to have stopped payment of their commercial paper. Krueger defended on the ground that he had left

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]